[Civ. No. 69795. Second Dist., Div. Four. Mar. 15, 1984.]

BOWNE OF LOS ANGELES, INC., Plaintiff and Respondent, v.
CITY OF LOS ANGELES, Defendant and Appellant.

## COUNSEL

Ira Reiner, City Attorney, Thomas C. Bonaventura, Assistant City Attorney, and Gail C. Weingart, Deputy City Attorney, for Defendant and Appellant.

Baker, Ancel, Morris, Spencer & Frye, Mark G. Ancel and Raymond R. Hruby for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The city appeals from an adverse judgment in an action for a refund of taxes allegedly improperly assessed and paid. We affirm the judgment in favor of the taxpayer.

Plaintiff is a printer of specialized financial documents. Its product, on directions from the clients, is distributed by it to three groups of persons: (1) to the client in Los Angeles; (2) to offices of the client in other states; and (3) to sundry stockbrokers, underwriters, accounting firms and the Securities and Exchange Commission, as directed by the client. The client pays plaintiff for all copies of the printed material, whether delivered to it in Los Angeles, to its offices in other states, or to the other recipients designated by the client.

The City of Los Angeles imposes a business license tax on such businesses as that of plaintiff, measured by the gross receipts from its operations (L. A. Mun. Code, §§ 21.166, 21.167). However, section 21.168.1 exempts from that tax "the gross receipts of the sales of goods which are shipped to the

purchasers of such goods by the seller to points outside the State of California."

It is here conceded that plaintiff is properly taxable on the portion of the printed material delivered to its clients in California, and that section 21.168.1 exempts it from taxation on the portion of the printed material delivered to offices of the client situated outside California. ▮ The dispute herein involved is over the taxation of plaintiff on printed material falling in the third group—i.e., material shipped, *at the client's direction,* to persons, firms or agencies outside of California, other than the client itself.

The briefs give to us long quotations on the construction of tax statutes. However, all authority of which we are aware directs us to look to the special language of such legislation. Here, as we see the case, its resolution turns on the meaning of the word "purchaser" in section 21.168.1.[1] We conclude that, in the case at bench, the client is the "purchaser" who pays the bill; that the client also pays plaintiff for acting as the deliverer of the purchased material to the client's designees does not, in our opinion, change the fact that it is the paying client who directs the delivery and that the materials herein involved were shipped, by plaintiff, to the client's designees. We can see no difference between shipment to an employee of the client and shipment to its designee. In either case, out-of-state delivery is made to someone for the benefit of the client—delivery under those circumstances is to an agent for receipt selected by the client because it serves the client's purposes to have delivery so made.

The judgment is affirmed.

McClosky, J., and Troost, J.* concurred.

---

[1]Both parties assume that the exemption was created out of concern over the city's ability to tax interstate commerce. In the view we take of the language before us, we need not, and do not, examine whether a local tax on doing intrastate business can be measured by the receipt of deliveries in interstate commerce. Here, as we read the ordinance, the city has not attempted such a tax, whether or not it could constitutionally have done so.

*Assigned by the Chairperson of the Judicial Council.